---

STREEP, Respondent, v. McLAUGHLIN, et al., Appellants. (City Court of New York, General Term. May, 1901.) Action by Frank S. Streep against John McLaughlin and others. A. B. Malcolmson, for appellants. Howe & Hummel (Nathaniel Cohen, of counsel), for respondent.

PER CURIAM. The order appealed from, denying motion made by appellants for a new trial upon the ground of newly-discovered evidence, was properly denied. The evidence, so-called newly discovered, was not discovered by defendants until after the trial because of the careless manner in which their case was prepared for trial. The witnesses who had knowledge of these alleged newly-discovered facts were in defendants' employ at the time of the trial, and were present in court during the trial as witnesses for appellants; but owing, as before stated, to the careless manner employed by defendants and their counsel, the evidence now sought to be made use of in their behalf was not disclosed by them, because of their indifference and careless examination of these two witnesses. If we should award defendants a new trial in this case, we should simply be rewarding careless litigants and lawyers, and trials would be never-ending,—a result which we do not desire to see, or careless efforts which we do not desire to reward and encourage. Order appealed from must be affirmed, with costs and disbursements. Order affirmed, with costs.

---

STROMBERG, Respondent, v. AMELIO, Appellant. (Supreme Court, Appellate Term. June, 1901.) Action by Philip Stromberg against Rose Amelio. Goepel & Wahle, for appellant. E. Rosenthal, for respondent.

PER CURIAM. There is some confusion from the evidence arising from the use of the masculine pronoun in the plaintiff's testimony. This may be from an error of the stenographer. It appeared on the trial that two watches were sold by the plaintiff,—one to the defendant, and another to a third person, which was afterwards returned. There is no evidence that the watch sold to the defendant was ever returned, or the balance due therefor was ever paid. Judgment affirmed, with costs.

---

SULLIVAN et al. Respondents, v. BALDWIN, Appellant. (Supreme Court, Appellate Term. June, 1901.) Action by John Sullivan and others against Truman H. Baldwin. H. C. Spurr, for appellant. W. K. Griffin, for respondents.

PER CURIAM. This judgment must be reversed. The order for the awning, the price whereof the suit is brought, was given by a Mr. Ratcliff. There is an absence of evidence that Mr. Ratcliff was authorized by the league or any of its officials to make the purchase, and because of that the judgment must be reversed. Where a recovery is sought under the action of an agent of the defendant, there must be some proof of authority to bind his alleged principal. Judgment reversed, and new trial ordered, with costs to abide event.

---

SWEENEY, Respondent, v. SENN, Appellant. (Supreme Court, Appellate Term. June, 1901.) Action by Patrick Sweeney against Jacques Senn. Hamilton & Griffing, for appellant. J. T. Lee, for respondent.

PER CURIAM. There is no negligence shown in the record which produced the loss of the overcoat. There was a course of procedure in the care of the room, established by the defendant as proprietor, and even that procedure is not connected with the loss; and, if it had appeared to have been, the plaintiff had long acquiesced in the care of the room and the management of the key, and was himself negligent. Judgment reversed, and new trial ordered, with costs to abide event.

---

SWIFT et al., Respondents, v. STRONG, Appellant. (Supreme Court, Appellate Division, Fourth Department. October 18, 1901.) Action by Edwin C. Swift and another against William A. Strong, as executor, etc. No opinion. Judgment affirmed, with costs.

---

In re THURBER'S ESTATE. (Supreme Court, Appellate Division, Second Department. October 18, 1901.) In the matter of the estate of Edmund G. Thurber, an incompetent person. No opinion. Form of order settled, and order signed.

---

TOWN OF WEST UNION, Respondent, v. RICHEY, Appellant. (Supreme Court, Appellate Division, Fourth Department. October 8, 1901.) Action by the town of West Union against Mortimer Richey. No opinion. Action for reargument denied, with $10 costs. Motion for leave to appeal to the court of appeals granted. Order to be settled by and before Mr. Justice SPRING upon two days' notice.

---

In re TRINITY AVE. (three cases). (Supreme Court, Appellate Division, First Department. October 18, 1901.) In the matter of Trinity avenue. No opinion. Motion denied.